UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY A. DAY,

    Plaintiff,

v.                                      Case No. 8:20-cv-2963-TPB-CPT

GENERAL MOTORS LLC AND
MARY T. BARRA,

    Defendants.
_____/

## ORDER GRANTING "DEFENDANT GENERAL MOTORS LLC'S DISPOSITIVE MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT"

This matter is before the Court on "Defendant General Motors LLC's Dispositive Motion to Dismiss Complaint and Memorandum of Law in Support," filed by counsel on January 15, 2021. (Doc. 16). After reviewing the complaint, motion, court file, and the record, the Court finds as follows:

Plaintiff has been a serial filer of frivolous actions in federal courts, and he has "instituted and pursued prolific and abusive litigation in the Middle District of Florida." *See, e.g., In re Roy Day Litig.*, 976 F. Supp. 1445, 1456 (M.D. Fla. 1995). Plaintiff now attempts to bring suit against Defendants General Motors LLC and Mary T. Barra, the chief executive officer of General Motors Company.

Plaintiff previously filed a nearly *identical action* in the Eastern District of Michigan. In that lawsuit, applying Florida law, the district court dismissed the case in its entirety and entered judgment. *See Day v. General Motors Co.*, No. 19-

11311, 2019 WL 6173887 (E.D. Mich. Nov. 20, 2019). After the district court denied reconsideration, Plaintiff filed an appeal seeking review with the Sixth Circuit Court of Appeals. The appeal was dismissed because Plaintiff failed to pay the filing fee for his appeal. During the pendency of that appeal, Plaintiff filed this lawsuit in the Thirteenth Judicial Circuit Court in and for Hillsborough County. The action was subsequently removed to this Court.

Upon review, the Court concludes that this lawsuit is barred by the doctrine of res judicata. "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). An action is precluded by prior litigation if "(1) there is a final judgment on the merits; (2) the decision as rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Renner v. Indymac Bank, F.S.B.*, No. 14-cv-1394-T-27EAJ, 2014 WL 4145338, at *1 (M.D. Fla. Aug. 21, 2014) (quoting *Schafler v. Indian Spring Maint. Ass'n*, 139 F. App'x 147, 150 (11th Cir. 2005)).

The Court takes judicial notice of the court documents in the prior Michigan litigation, *Day v. General Motors Company*, No. 19-11311 (E.D. Mich. 2019), without converting the motion to dismiss into a motion for summary judgment.[1] *See, e.g.,*

---

[1] These court documents are "public records that [are] not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *See Horne*, 392 F. App'x 800, 802 (11th Cir. 2010). "Moreover, a court may take notice of another court's order . . . for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the

*Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).  A court of competent jurisdiction – the federal district court for the Eastern District of Michigan – reached a decision and entered a final judgment against Plaintiff.  Defendant General Motors LLC is in privity with the GM defendant from the Michigan case.  In addition, both the current case and the Michigan case arise from the same nucleus of operative facts.  *See Day*, 2019 WL 6173887; (Doc. 1-1).  As a result, Plaintiff is precluded from bringing this suit.

The instant action is exactly the type of filing the doctrine of res judicata was designed to prevent.  This case has already been litigated once, and Plaintiff lost.  It would be unfair to the parties, inappropriate, and a waste of everyone's time and resources to litigate this case again.  But perhaps that is exactly Plaintiff's goal.  The motion to dismiss is due to be granted.  Because the Court is dismissing the case with prejudice due to res judicata, it does not further address Defendant's other arguments for dismissal.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant General Motors LLC's Dispositive Motion to Dismiss Complaint and Memorandum of Law in Support" (Doc. 16) is hereby **GRANTED**.

2. The case is **DISMISSED WITH PREJUDICE**.

---

litigation."  *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1366 (M.D. Fla. 2014) (internal quotations omitted).

3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of January, 2021.

        **TOM BARBER**
        **UNITED STATES DISTRICT JUDGE**